**FILED**
**May 19, 2026**
**12:37 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **BOBBY WILLIAMS,**<br>        **Employee,** | **Docket No. 2023-08-2183** |
| **v.** | |
| **HUB GROUP,  Inc.,**<br>        **Employer.** | **State File No. 42731-2022**<br><br><br>**Judge Shaterra R. Marion** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

HUB Group moved for summary judgment, asserting that Mr. Williams cannot prove a causal connection between his employment and his injury, which is an essential element of his claim. For the reasons below, the Court holds Mr. Williams did not present the necessary evidence, and HUB is entitled to summary judgment.

### Procedural History

Mr. Williams alleged work injuries to his head and brain, because after leaving a truck-stop bathroom on March 28, 2022, he felt so dizzy he had to lower himself to the ground.

After an expedited hearing, the Court denied benefits and later entered a scheduling order. HUB filed this motion. Although Mr. Williams filed a response to the motion, he did not respond to HUB's statement of undisputed facts.

## Facts

HUB filed a statement of undisputed material facts with citations to the record under Tennessee Rule of Civil Procedure 56.03 (2025). Because Mr. Williams did not respond to them, the facts are unrebutted.

Dr. Lucas Elijovich diagnosed Mr. Williams with two strokes. One stroke occurred in 2015, and he could not tell when the other occurred. However, Dr. Elijovich testified Mr. Williams's strokes were not primarily caused by an activity or accident at work.

Mr. Williams did not offer a medical opinion to show that his work primarily caused his strokes. Mr. Williams argues that because the incident happened at work, and because of Dr. Elijovich's stroke diagnoses, it is work-related.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, HUB must either: (1) submit affirmative evidence that negates an essential element of Mr. Williams's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If HUB meets this burden, Mr. Williams must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

HUB met its burden, successfully negating the essential element of causation through Dr. Elijovich's testimony. Causation is an essential element because Tennessee Code Annotated section 50-6-102(12) *requires* expert medical proof that the injury arose primarily out of and in the course and scope of employment.

Additionally, Mr. Williams did not respond with a doctor's opinion upon which the Court could decide this claim in his favor. In a similar case, a trial court did not err in granting summary judgment where the employee failed to respond to the motion with medical evidence of causation. *Hutchins v. Cardinal Glass Indus.*, No. E2023-00587-SC-R3-WC, 2024 Tenn. LEXIS 3, at *11 (Tenn. Workers' Comp. Panel Jan. 11, 2024).

Just as in *Hutchins*, Mr. Williams presented no medical evidence that his injury arose primarily out of and in the course and scope of his employment. Causation must be supported by a medical opinion given within a reasonable degree of medical certainty. Tenn. Code Ann.§ 50-6-204. Mr. Williams's personal, lay opinion about causation is insufficient to create a genuine issue of material fact on causation.

Thus, HUB is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED as follows:**

1. HUB's motion for summary judgment is granted, and Mr. Williams's claim against HUB is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to HUB under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026), for which execution may issue as necessary.

4. HUB shall prepare and submit the SD-2 with the Clerk within 10 days of the date of judgment.

 **ENTERED May 19, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 19, 2026.

| Name | Regular Mail | Email | Service sent to: |
|------|------|------|------|
| Bobby Williams, Employee | | X | ███████████████ |
| Rhoberta Orsland, Employer's Attorney | | X | rorsland@manierherod.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                           Page **1** of **2**                           RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*